CALKINS v. RICE.

1. SCHOOLS AND SCHOOL DISTRICTS — CHANGE OF SITE—NOTICE —
STATUTES—ANNUAL MEETING.
    The amendment of 2 Comp. Laws, § 4728, made by Act No. 75,
    Pub. Acts 1905, requires that notice of intention to vote on a
    change of site of a schoolhouse must be given before the
    question may be lawfully passed on at an annual meeting of
    the voters.

2. SAME—SUFFICIENCY OF NOTICE.
    Notice of the annual meeting "for the transaction of such
    other business as repairing, building, or changing site, as
    may lawfully come before it," etc., was an evasive and insuf-
    ficient attempt to comply with the statute.

3. SAME.
    The school board was unauthorized to change the site and
    place the schoolhouse on property which had not been leased
    or conveyed to the board. 2 Comp. Laws, § 4673.

Appeal from Clinton; Searl, J. Submitted June 26,
1911. (Docket No. 54.) Decided May 31, 1912.

Bill by Levi J. Calkins and others against Calvin M.
Rice, director of the school district of Bingham and Ben-
gal townships, Clinton county, and others, for an injunc-
tion and further relief. From a decree for complainants,
defendants appeal. Affirmed.

*William M. Smith*, for complainants.

*Walbridge & Kelly*, for defendants.

BIRD, J. The complainants commenced these proceed-
ings to restrain the officers of fractional school district No.
1 of Bengal and Bingham townships, in Clinton county,
from moving the schoolhouse to another site. The trial
court granted the relief prayed, and defendants have
appealed.

It appears from the record that at the annual meeting held on July 12, 1909, a resolution was adopted changing the site to the northwest corner of section 20, a short distance from the old site. Subsequently and at the same meeting a motion prevailed to leave it to the school board to decide whether the site should be located on section 20 or 17. At this meeting there were present but 7 voters, including the members of the school board. When it became known that the site had been changed, a special meeting was held on July 26th, at which there were 28 voters present, and they voted 15 to 13 to retain the old site. At a district board meeting held August 9th, the district board, by resolution, chose the northwest corner of section 20 as the new site. On Saturday afternoon, August 14th, one member of the board caused the schoolhouse to be placed on rollers, and on Sunday, August 15th, with the aid of a traction engine, it was hauled onto the new site. A temporary injunction against moving it was allowed by the trial court on Saturday, but it was not served until Monday morning. The trial court found that the proceedings to change the site were illegal and void and ordered defendants to return the schoolhouse to the old site.

One of the grounds of invalidity relied upon is that the notice of the annual meeting was defective, in that it did not state that it was the intention to vote on the question of changing the site, in compliance with 2 Comp. Laws, section 4728, as amended. This section now reads as follows:

"The qualified voters of any school district, when lawfully assembled, may designate by a vote of two-thirds of those present, such number of sites as may be desired for schoolhouses and may change the same by similar vote at any annual or special meeting, or by the same vote may enlarge any existing site. *Whenever the question of designating a school site or of changing a school site is to be brought before the school meeting, the notice of said meeting shall state the intention to vote upon such question.*"

That part of the section in italics was added by the legislature in 1905.  Act No. 75, Pub. Acts 1905.  Before this amendment was passed, it was generally understood that any business which the district could legally transact could be done at an annual meeting, without giving any notice thereof.  *Auditor General* v. *Sparrow*, 116 Mich. 574 (74 N. W. 881).  This amendment was added to the law with the evident purpose of requiring a notice to be given of all meetings at which it was the intention to vote upon the question of designating or changing the site, and we think it applies as well to an annual meeting as to a special meeting, if it be the intention to vote on that question.

The question then arises:  Was the following notice a compliance with this amendment:

"NOTICE OF ANNUAL SCHOOL MEETING.

"NOTICE.—The annual meeting of School District No. One Frl. of the Townships of Bingham and Bengal, for the transaction of such other business as repairing, building, or changing site as may lawfully come before it, will be held at the schoolhouse, Bingham township, on Monday, the 12th day of July, 1909, at 8 o'clock p. m. ·
"Dated this 2d day of July, 1909.
          [Signed]          "C. M. RICE, Director."

The notice appears to lack the quality of frankness.  It has the appearance of attempting to comply with the statute without doing so.  It is not stated in the notice that it is the intention to vote on the question of changing the site. · It is true a reference is made to the question of changing the site, but it is done by including it among other matters of business which might be taken up if it were lawful and the meeting so disposed.  The reference which is made to it is not coupled with the statement that it is the intention to vote upon the question.  A good illustration of the efficacy of the notice in question is found in the fact that it brought out to the annual meeting but 7 voters, whereas a subsequent notice of a special meeting, from which it was understood that a vote would be taken

on that question, brought out 28 voters. We are impressed that it was to prevent school sites from being designated or changed at annual meetings by only a small per cent. of the qualified voters that induced the legislature to add this amendment. If we are to give it the effect intended, we must hold that the notice was not a substantial compliance with the statute, and that all proceedings had in pursuance of it are illegal and void.

It is further insisted by complainants that the proceedings are invalid by reason of the failure of the district board to acquire the fee or a lease of the new site for a term of 50 years before placing the schoolhouse thereon.

The record shows that a deed of the new site was executed by the owner and his wife and left with his attorney, but was neither recorded nor delivered to the district board, nor to any member thereof, prior to the moving of the schoolhouse. The statute provides that, after a site has been designated, it shall be the duty of the district board to acquire it. 2 Comp. Laws, § 4673. If we were to concede that the site had been lawfully designated, we would still be obliged to hold that the action of the board in placing the schoolhouse on the new site, before it acquired the title or a 50-year lease thereto, was an unauthorized and illegal act, for the reason that it was a direct violation of the inhibition of the statute. *Id.* § 4673.

Other questions affecting the validity of the proceedings are raised by complainants, but we think it unnecessary to discuss them. The trial court reached the right conclusion, and its decree will be affirmed. Complainants will recover their costs in this court.

MOORE, C. J., and MCALVAY, STONE, and OSTRANDER, JJ., concurred.